# FELDER v. HARPER.

1. A reservation in a deed of gift, of a remainder in a slave to a third person, after the termination of a life estate, is within the statute of frauds, and void as against the creditors of the tenant of the life estate, after the lapse of three years, unless the deed is recorded as the statute directs.

2. A consideration of $10, expressed in a deed of gift of two slaves, is on its face merely nominal.

Error to the Circuit Court of Macon.

DETINUE by the defendant in error, for a female slave.

From a bill of exceptions, it appears, that the plaintiff below deduced his title to the slave, as a purchaser at a sale made under a mortgage, or deed of trust, executed by one John Davis, to William Blount and Felix Stanley, to secure the payment of a debt there recited. The defendant's title is thus stated: Budd Davis, the father of John Davis, on the 16th of October, 1837, conveyed the slave in controversy, and another, to him, upon the following conditions: "Said John Davis is not to have possession of said negroes, until after the death of said Budd Davis, but so soon as Budd Davis is dead, the said John is to have possession of said negroes, and use them as he thinks proper during his life; but should said John die without a wife, or child, the above named negroes is to go to the children of Elizabeth Felder, daughter of said Budd Davis."

The deed was recorded in the office of the clerk of the county court of Chambers, but the execution of the deed does not appear to have been proved previous to its registration.

It was proved that the slave remained in the possession of Budd Davis, until his death in 1838, and then went into the possession of John Davis, and so continued until his death in 1840. That Elizabeth Felder, at the date of the deed, had children then in being, all of whom are yet living. The plaintiff had no notice of the existence of the deed of gift, unless the registration of the deed was notice.

Felder v. Harper.

The court charged the jury, that the deed was not properly recorded, and if they believed from the evidence, that the plaintiff was an innocent purchaser of the slave, for a valuable consideration, and had no notice of said deed, the deed could not vest title in another so as to defeat plaintiff's right. This the defendant excepted to, and now assigns as error.

DOUGHERTY & COCKE, for plaintiff in error.

1. The last clause of the second section of the statute of frauds must be construed *ex vi terminiorum,* to refer to reservations and limitations, &c. in favor of the donor, and not to such as are created in favor of third persons.

2. The deed from Budd to John Davis was founded upon a *valuable* as well as a good consideration, and therefore the remainder is within the exception of the statute. The smallness of the consideration is wholly unimportant. [Tatum, et al. v. Manning, 9 Ala. 144.]

3. The charge of the court was erroneous in assuming that the plaintiff below had proven a three years' possession of the slave by John Davis and those claiming under him, without demand made and pursued by due course of law—a fact, which it was incumbent on the plaintiff to prove, and the sole province of the jury to pass upon. [Daniel v. Daniel, 1 Dana, 238.]

McLESTER, contra.

ORMOND, J.—It is not contended that the deed under which the defendant asserts title was duly recorded, and the only question is, whether the deed without registration, is sufficient to secure the remainder to the children of Mrs. Felder, after the termination of the life estate of the tenant for life.

This question appears to be decisively settled, by the cases of Myers v. Peek, 2 Ala. R. 648; The Bank v. Croft, 6 Id. 622; Johnson v. The Bank, 7 Id. 379, and Tatum v. Manning, 9 Id. 144. In those cases, it is held, that unless the precedent estate is supported by a valuable consideration, the reversion, or remainder, is void after the lapse of three years' possession by the grantee, without demand made, or pursued

by due course of law, as against the creditors, or purchasers of the person so remaining in possession, unless such reversion, or remainder, was declared by will, or by deed, recorded as the statute directs.   The statute is not confined to a reservation in favor of the donor, but applies equally, to a reservation in favor of third persons.   The language of the act is, " or where any reservation, or limitation, shall be pretended to have been made of a use, or property, by way of condition, reversion, remainder, or otherwise, in goods or chattels, the possession whereof," &c.   It cannot, we think, admit of doubt, that a remainder, in favor of a third person, is within the letter of the statute, as well as  the mischief intended to be prevented.

It is however contended, that the deed from Budd, to John Davis, is upon a valuable consideration.   The deed recites, that it is made upon the consideration of $10, paid by the latter, to the former.   This is evidently on its face a mere nominal consideration, the conveyance being of a life estate in two slaves, in the event the grantee died without a wife or children.   It is a conveyance from a father, to his son, which is not to take effect until after the death of the father, and is clearly on its face a gift, and cannot be converted into a sale, by the insertion in the deed, of a mere nominal consideration.

The argument, that the court in its charge, assumed, that possession had remained with the donee for three years, and thereby prevented an inquiry by the jury into the fact, whether such a length of possession had been proved, cannot be urged in this court.   No question was raised upon this point in the court below, so far as we can judge from the bill of exceptions, but the question there seems to have been, whether the deed was valid without registration, as against a purchaser for a valuable consideration from the tenant for life. It is stated in the bill of exceptions, that John Davis went into possession in 1838, but at what time during the year is not set out.   The sale was made to the plaintiff on the 7th June, 1841.   It is clear, therefore, that the possession may have remained with John Davis, and those holding under him, in virtue of the deed of trust, for more than three years previous to the sale to the plaintiff, and as this question was

not raised in the court below, we must presume that such was the fact. It is inconceivable, if the fact were otherwise, that it should not have been made distinctly to appear upon the record, as there would then have been no pretence that the statute of frauds applied to the case.

Let the judgment be affirmed.