# Kilgore *v.* Redmill.

### *Bill in Equity to Reform a Deed.*

1. *Deed; bill to reform must describe land intended to be conveyed.*—In a bill brought to reform a deed the land intended to be conveyed must be set out, it being a familiar principle that in an action to reform a written instrument the complaint should allege the mistake, and set forth the agreement as made and that which the parties intended to make.

2. *Same; mistake must be clearly proved.*—If the mistake as alleged is not admitted it must be proved by clear, exact and satisfactory evidence, the presumption being that the contract as executed contains the conclusion of all previous negotiations on the subject.

3. *Dismissal of bill in vacation without leave to amend when proper.*—It is error to dismiss a bill in vacation on demurrer to it, and for a defect that can possibly be amended, without allowing complainant an opportunity to amend. But when a cause is submitted on pleadings and testimony for final decree and held up for decree in vacation, it is not error to pronounce the decree in vacation without granting complain-

ant leave to amend, unless the dismissal is based on some amendable defect. And if the testimony was all taken without reference to any defective averment and as though the bill contained all the necessary definiteness of allegation in respect of the defect for which the demurrer is interposed, it is not error to dismiss in vacation without leave granted to amend.

APPEAL from the Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

The facts of this case are sufficiently stated in the opinion.

NORVEL & SMITH, for appellant, cited, *Green v. Dickson*, MSS.

COLEMAN & BANKHEAD, *contra*, cited, *Wright v. Demklin*, 83 Ala. 322; *Gilmer v. Morris*, 80 Ala. 78; *Ga. & Pa. Ry. v. Gaines*, 88 Ala. 377.

HARALSON, J.—Suit to enjoin an action for the recovery of land, and to reform a deed for an alleged mutual mistake in the description of land in a deed of conveyance.

The description of the land conveyed is set out in section two of the bill, and the deed executed by complainant to defendant is made an exhibit, A, thereto. But nowhere in the bill is it clearly alleged in what the mistake, which complainant would have corrected, consists. In sections 3 and 4 are to be found the only attempts to indicate the mistake. In the 3rd it is averred, that the defendant, Redmill, has instituted a suit in the circuit court against the complainant for the recovery of a certain 40-acre tract of land in a designated section, and that the tract of land described in complainant's deed, exhibit, A, is embraced in said suit. This is an averment merely, that the tract conveyed, and not that intended to be conveyed, but which by mistake was not conveyed, is embraced in said 40-acre tract. Nor does section 4 of the bill contain any description of the land intended to be conveyed, but which was not. It merely states that complainant tendered a deed to defendant, with the true description of the land sold to him, but

does not attach that deed to the bill; and one is left,—as for any averment in the bill,—in the dark as to what land was really intended to be conveyed, and in what respect complainant would reform his deed to defendant. The principle is familiar, that in an action to reform a written instrument, the complainant should allege the mistake, and set forth the agreement as made, and that which the parties intended to make.—20 Am. & Eng. Ency. Law, 720; *Campbell v. Hatchett*, 55 Ala. 548. Another familiar principle is, that courts of equity proceed with very great caution in reforming written instruments, and if the mistake as alleged is not admitted, it must be proved by clear, exact and satisfactory evidence, the presumption being that the contract as executed, contains the conclusion of all previous negotiations on the subject, and is the final agreement of the parties.—*Campbell v. Hatchett, supra; Hertzler v. Stevens*, in MS.

The defendant in his answer denies that there was any mistake in the description of the land in the deed, of which exhibit A to the bill is a copy, and avers that the land he bought of complainant is correctly described in said deed.

The controversy is about a 15 feet strip of land the defendant bought from complainant for a private road, at the price of $17. The complainant's contention is, that this road was to be run on its southern border alongside of a plank fence, which ran east and west, between the lands of complainant and defendant. The complainant's evidence tended to show that this fence had been built prior to the execution of his deed to defendant,—on the 23rd January, 1893;—and that on the part of defendant, that the fence was not built till the spring of 1893, after he had bought and been put in possession of the land. If the fence was in existence at the time complainant sold to defendant, it would tend to show that complainant's contention as to the location of the road he sold was true, since the fence just outside of which the road was to be run, would be established as a landmark. If defendant's evidence is to be taken as correct, it would appear that the fence had nothing to do with the location of the road he bought, and that the deed contains a correct description of the land complain-

ant sold him. In examining the evidence on both sides, the chancellor came to the conclusion that the alleged mistake in the description of the land conveyed had not been established with sufficient clearness and freedom from doubt required in such cases, and we approve his conclusion in this respect.

The bill was demurred to for that it failed to allege that the parties intended that the deed should embrace land other than that described, and defendant moved to dismiss for want of equity. Neither of these motions seem to have been acted on prior to a submission for final decree.

At the fall term, 1898, of the court, the cause was submitted on pleadings and proofs, as noted by the register and was held by the chancellor for a decree in vacation. The decree ascertained that the complainant was not entitled to relief, dissolved the injunction and dismissed the bill.

If a dismissal be on demurrer, and for a defect that can possibly be amended, it is error to dismiss in vacation without allowing complainant an opportunity to amend. But, when a cause is submitted on pleadings and testimony for final decree, and held up for decree in vacation, it is not error to pronounce the decree in vacation, without granting complainant leave to amend, unless the dismissal is based on some amendable defect. *Wright v. Dunklin,* 83 Ala. 317; *Gilmer v. Morris,* 80 Ala. 78. The only amendable defect in the bill is a lack of averment of the description of the land intended to be conveyed, instead of that which was conveyed. The testimony was all taken without reference to any defective averment and as though the bill contained all the necessary definiteness of allegation in this respect. So treating the bill, it is manifest the court did not err in dismissing it in vacation, without leave to amend. *Authorities supra; Bell v. Montgomery Light Co.,* 103 Ala. 275.

Let the decree be affirmed.

Affirmed.