# Folmar, *et al,* v. Lehman-Durr Co.

*Bill by Appllee to Set Aside Voluntary Conveyances as a Fraud on Creditors.*

(Decided April 28th, 1906.   41 So. Rep. 750.)

1. *Pledges; Assignment of Debt; Exhausting Collateral.*—Complainants assigned to one of respondents the note of B. but did not assign the collaterals held to the note, although it was expressly agreed that they would do so for the benefit of another respondent. Held, that under § 947 code of 1896, the complainants were required to exhaust the collaterals withheld before

[Folmar, et al. v. Lehman-Durr Co.]

proceeding against the respondent for whose benefit it agreed to transfer the collaterals.

2. *Fraudulent Conveyances; Want of Consideration.*—A conveyance of land which expressses a consideration of one dollar and love and affection, made by a father to his children, is voluntary on its face, and void as to creditors of the grantor.

3. *Reformation of Instruments.*—In order to maintain a bill to reform an instrument it must be plainly alleged and clearly proven that the parties thereto mutually intended that it should be expressed in terms different from what it contained, and that this failure or difference of expression was the result of mistake or fraud.

APPEAL from Montgomery City Court.

Heard before HON. A. D. SAYRE.

Bill by the Lehman-Durr Company against George A. Folmar and others. From an adverse decree, defendants appeal.

The bill alleges an indebtedness of George A. Folmar to the Lehman-Durr Company of $4,104.71, with interest thereon from April 4, 1896, and that the debt accrued prior to June 12, 1896. It alleges a sale and transfer of certain lands therein described to the other defendants for love and affection, and a recited consideration of $1 and $2. It also alleges that the grantees in the deed from George A. Folmar and wife are the children of the grantors, and that the conveyances are voluntary and made for the purpose of hindering, delaying, or defrauding complainants in the collection of their debts. The defendants answered, denying any indebtedness on the part of George Folmar, admitting the making of the deeds and that they were children, and denying that said conveyances were made to hinder, delay, or defraud creditors.

W. L. MARTIN and GUNTER & GUNTER, for appellant. —Lehman-Durr & Co., held collateral note of Beall & Costell as a security for the debt due by them. It would, therefore, be a fraud in them to withhold the collateral belonging to the firm for the debt of J. W. Beall.— *Hirschfelder v. Keyser*, 59 Ala. 338; *Tyree v. Lyon*, 67

Ala. 1; *Hunt v. Clark,* 56 Ala. 19. The collaterals follow the debt for which they are pledged unless they are released by the party owing the debt and devoted to some other purpose.—§ 947, code 1896; *Hatch v. White,* 6209 Fed. Case; *Duval v. McGlosky,* 1 Ala. 734; 2 Randolph Commercial Paper, § 731. The cross bill avers that all the collaterals were transferred to Felix Folmar for the benefit of cross complainant, and that Folmar is a defendant to the cross bill and admits the allegation, so that the cross bill stands as if filed jointly by Felix and G. A. Folmar, or by Felix alone with G. A. Folmar as defendant. The admission of the party holding the legal title that the cestui que trust is entitled to recover obviates the necessity of proving the right of the cestui que trust.—*Broughton v. Mitchell,* 64 Ala. 210; *Blevins v. Buck,* 26 Ala. 292; *Nix v. Winter,* 35 Ala. 309; *Owen v. Bankhead,* 76 Ala. 143. Collaterals held for a debt are merely incidental to the debt and pass with the assignment, and this must be the case where there is an agreement to so transfer.—§ 947, code 1896; 2 Randolph on Commercial Paper, § 731; 3 Ib. § 1675; *Duval v. McClosky, supra; Hatch v. White, supra.* The retention of and refusal to account for the note for $7,500.00 was in equity a conversion as against Felix and G. A. Folmar.—Authorities supra; *Romeo v. Newman,* 23 So. Rep. 496.

Concealing and withholding the collateral note was a fraud vitiating the note here sued on.—*Alabama Warehouses v. Jones,* 62 Ala. 550; *Cronie v Hart,* 18 Grat. 739; *Saltinstall v. Gordon,* 33 Ala. 149; *Jordan v. Pickett,* 78 Ala. 331.

The cross complainants by their testimony establish their right to relief prayed for in the cross bill and the chancellor erred in not granting it.—*Orr v. Echols,* 119 Ala. 340.

THOMAS H. WATTS and J. M. CHILTON, for appellee.—George A. Folmar had no such interest in the reformation of the deed as to permit him to maintain the bill.—*McKay v. Broad,* 70 Ala. 378. Before the reformation

[Folmar, *et al.* v. Lehman-Durr Co.]

will be decreed the allegations must be clear and satisfactory and the proof clear, exact and convincing.— *Campbell v. Hatchett*, 55 Ala. 548; *Turner v. Kelly*, 70 Ala. 85; *Mitchell v. Capital City*, 110 Ala. 584. The cross bill was subject to demurrers interposed.—*Lehman v. Meyer*, 67 Ala. 403; *McCou v. Ashurst*, 55 Ala. 607; *Gordon v. Ross*, 63 Ala. 363; *Loeb v. Thatcher*, 87 Ala. 458; *Caldwell v. King*, 76 Ala. 149. The cross complainant is not entitled to relief prayed as to the $7,500.00 note.—*Lehman v. Levy*, 69 Ala. 48; *Dunbar v. Smith*, 66 Ala. 490; *Coleman v. Hatcher*, 77 Ala. 217; *Young v. Hawkins*, 74 Ala. 370. The debt was absolutely lost to Lehman-Durr & Co, by the transfer.—*Clark v. Jones*, 95 Ala. 127; *Thornton v. Guice*, 73 Ala. 321. It requires something more than the existence of mere cross demand to give equity the right to set off one against the other. —*O'Neil v. Perryman*, 102 Ala. 522; *Tate v. Evans*, 54 Ala. 16; *Gafford v. Pranskeau*, 59 Ala. 264; *Jones v. Brevard*, 59 Ala. 499.

ANDERSON, J.—The transfer of the debt passes to the transferee the right of the transferror in such security or property pledged.—Code 1896, § 947; Randolph on Commercial Paper, §§ 731, 1675; *Duval v. McLoskey*, 1 Ala. 734; *Hatch v. White*, Fed. Cas. No. 6,209.

Not only did the law give the respondent Felix Folmar the $7,500 note held as collateral upon the assignment to him of the notes held by the complainant Beall & Coston, but the undisputed evidence is that it was expressly agreed that, when the notes which this bill seeks to enforce were executed, it was expressly understood that the complainants should not only assign to Felix Folmar the notes against Beall & Coston, but all collateral held by them to secure the indebtedness of said firm, for the benefit of George A. Folmar. That being true, a withholding of said collateral note of $7,500 deprived the assignee of the benefit of a collateral to which he was entitled, and the complainant, having failed to transfer the said collateral note of $7,500, is required to exhaust the same before seeking payment from Geo.

A. Folmar of so much of the Beall & Coston debt as may be included in the indebtedness. If said collateral is sufficient to discharge the debt of Beall & Coston assumed by Geo. A. Folmar, then the complainant cannot come upon Folmar for same; but, if insufficient, then they would be entitled to a decree for what the collateral would lack of paying the debt, giving the complainant the benefit of the $350 already realized by the assignee on the collaterals that were assigned.

It is needless to discuss whether or not the complainant, under a subsequent agreement with Beall, had the right to hold the firm's collateral for the individual debt of Beall, as the complainant's own evidence shows that, if such an agreement was made, it was secondary to the purpose for which the original note was hypothecated. Roman admits that the note was originally left with them to secure the indebtedness of the firm, and that Beall subsequently agreed that it should be held to secure his own debt, after the firm debt was paid. The fact cannot be doubted that when George A. Folmar gave the complainant his notes assuming the debt of Beall & Coston, and the firm notes were transferred to Felix Folmar, this $7,500 was at that time held primarily as a collateral to secure the notes so assigned. Nor can there be but little doubt that the complainant at the time of the transaction claimed to hold it exclusively as a collateral to secure the individual debt of Beall. George A. Folmar testified that the transaction was with Wilkerson, the attorney of complainant, and introduced a writing executed at the time, reciting, "This note is held by us as security for an indebtedness due by J. W. Beall," referring to the note of $7,500.

This case will therefore be reversed, in order that the chancery court may require the complainant to give the respondent Geo. A. Folmar the benefit of said collateral by requiring it to exhaust the $7.500 before collecting from him any part of the debt of Beall & Coston that is included in the amount claimed under the original bill. It appears that the notes also include the individual indebtedness of George A. Folmar, all of which has been

[Folmar, *et al.* v. Lehman-Durr Co.]

paid except $382.89, and we affirm the ruling of the chancellor upon the report of the register as to the credits claimed by George A. Folmar. The complainant being an existing creditor of George A. Folmar the grantor, the conveyances from him to his children were voluntary upon the face thereof and void as to them.— *Seals v. Robinson,* 75 Ala. 363; *Caldwell v. King,* 76 Ala. 149.

The respondents Lucy Hawkins and Felix Folmar say that the recited considerations were inserted in the deeds by mistake, that the true consideration is not disclosed, and they invoke the aid of the chancery court by cross-bill to have the conveyances reformed so as to make them recite the true consideration. In order to reform a contract which fails to express some important element thereof, it must appear that the parties mutually intended that it should have been so expressed, or that it is expressed differently from what they had mutually agreed it should express, and this failure or difference of expression is the result of mistake of fraud.—*Clark v. Hart,* 57 Ala. 390; 1 Story's Eq. Ju. 140, 152; 1 Brick. Dig. p. 68, §§ 606, 607, 608. "Another familiar principle is that courts of equity proceed with very great caution in reforming written instruments, and, if the mistake as alleged is not admitted, it must be proved by clear, exact, and satisfactory evidence, the presumption being that the contract as executed contains the conclusion of all previous negotiations on the subject and is the final agreement of all parties."—*Kilgore v. Redmill,* 121 Ala. 485, 25 South. 766. The chancellor was fully justified by the evidence in holding that the grantees under the conveyances from George A. Folmar were not entitled to a reformation of the deeds.

The chancellor erred in sustaining the demurrer to the cross-bill, and a decree is here rendered overruling said demurrer. The sale, having been made and confirmed, is hereby vacated, and the decree having included the Beall & Coston debt, without giving the respondents the benefit of the $7,500 collateral note, is reversed in that particular, but is affirmed in so far as it affects the

[Thomas, *et al.* v. Cowin.]

individual indebtedness of Geo. A. Folmar, and in hold-
ing the conveyance from him to the other respondents in-
operative as against the claim of the complainants.

Affirmed in part, reversed and rendered in part, and
remanded.

WEAKLEY, C. J., and HARALSON, SIMPSON, and DEN-
SON, JJ., concur.