# York, *et al. v.* Leverett.

*Bill to Set Aside a Deed as Fraudulent, and to Enforce
a Vendor's Lien.*

(Decided Feb. 4, 1909.  48 South. 684.)

1. *Fraudulent Conveyences; Nominal Consideration; What is.*—
The court will take judicial notice of the fact that $2 was merely a
nominal consideration for property worth from $1,500 to $2,000, when
asked to set aside such conveyance as a fraud.

2. *Same.*—A deed may be technically a voluntary instrument, al-
though founded on some consideration; and where a valuable consid-
eration is necessary to support a deed, the bare recital of a nominal
pecuniary consideration, does not show a valuable consideration;
and hence, where land had been sold for $960, with the reservation
of a vendor's lien and the purchasers subseqently, when insolvent,
and without having paid the vendor's notes, conveys the land to an-
other on the recited consideration of $2 for the purpose of hinder-
ing, delaying or defrauding creditors, and defeating the lien of the
note, his vendee will be held a mere volunteer and the deed ineffect-
ual so far as the rights of the prior creditors of the original pur-
chaser are concerned.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Bill by J. M. Leverett against E. York and others to
have a deed declared void and to have a purchase-money
lien declared upon the property conveyed. From a judg-
ment overruling demurrers to the bill, respondents ap-
peal. Affirmed.

The material allegations of the bill are sufficiently
stated in the opinion. The bill was filed in the Clay
county court, and addressed to Hon. W. J. Pearce, Judge
of said court. Clay county forms a part of the North-
eastern chancery division, of which Hon. W. W. White-
side is chancellor. The demurrers filed to the bill are
as follows: "(1) It appears from said bill that it was
improperly filed in this court. (2) For that it appears
from said bill that it should have been filed in the county

court of Clay county. (3) For that it appears from said bill that it is not addressed to Hon. W. W. Whiteside, chancellor of the Northeastern chancery division. (4) For that no facts are alleged in said bill showing that said Sam Wallace executed the deed described in the fourth paragraph of said bill with any intent to hinder, delay, or defraud his creditors. (5) For that it does not appear from said bill that the grantee in said deed had any knowledge of said intent on the part of Wallace, if he had the same, or that said deed was accepted by grantee with any knowledge of the grantor's purpose, or any intent on the part of the grantee, that said deed should defraud any one."

BLACKWELL & AGEE, for appellant. The mere suspicion of the existence of fraud is not sufficient.—*Smith v. Collins,* 94 Ala. 394. The deed recites a valuable consideration and shifts the burden to the appellee to show fraud, and it must, therefore, be specially averred.— *Howell v. Carden,* 99 Ala. 100. The purchaser from an alleged fraudulent vendor is charged with the burden of negativing notice or knowledge of the financial condition or intent of his vendor.—*Kellar v. Taylor,* 90 Ala. 289.

WHATLEY & CORNELIUS, for appellee. Whatever is sufficient to put a party on inquiry is sufficient to charge him with notice.—*Manassas v. Dent,* 89 Ala. 565; *Foxworth v. Brown Bros.* 114 Ala. 202; s. c. 120 Ala. 59; *Kyle v. Ward,* 81 Ala. 120; 21 A. & E. Ency of Law, 584; 23 Id. 494. The consideration must be adequate as well as valuable and his conveyance is voluntary in respect to the remainder above the purchase price.—*Fairfield P. Co. v. Kentucky Clothing Co.,* 110 Ala. 536; 2 Brock 211;

[York, et al. v. Leverett.]

.31 Fed. 588; 6 Wall. 290; 14 A. & E. Ency of Law, 292;
23 Ib. 488; 513. Under the deed the purchaser was not
an innocent purchaser.—*Burch v. Carter,* 44 Ala. 117;
*Smith v. Perry,* 56 Ala. 269; *Smith v. Burk,* 21 Ala.
136.

DENSON, J.—On the 2d day of October, 1901, H.
W. Armstrong, for the agreed price of $960, sold and
conveyed to Sam Wallace the lands upon which it is
sought by this bill to have a vendor's lien declared. The
price was not paid in cash; but, by agreement be-
tween Armstrong and Wallace, Wallace on that day
executed three promissory notes, each in the sum of $320,
in which a vendor's lien is reserved, and payable, re-
spectively, to Jno. S. Armstrong, Mrs. A. J. McClintock,
and Mrs. A. I. Miller, children of H. W. Armstrong.
The notes were delivered to the payees, and in due course
of trade were transferred to J. M. Leverett, the com-
plainant in this bill. On the 22d day of October, 1903,
Sam Wallace, without having paid the notes, conveyed
the lands to the respondent E. York on a recited consider
ation of $2. The bill avers that at the time the deed to
York was executed Wallace was insolvent, and that he
made the deed with the intent to hinder, delay, and de-
fraud his creditors, and to defeat the lien of the notes,
which were given for the purchase money. It is also
shown by the bill that the consideration for the land, as
set forth in the deed from Wallace to York, was a grossly
inadequate price for the property conveyed, and that the
property was reasonably worth $1,500 or $2,000.

It seems clear, upon reason and authority that the
averments of the bill place the grantee, York, in the atti-
tude of a mere volunteer, so far as the rights of prior
creditors of Wallace are concerned. When a court of
chancery is called upon to set aside a conveyance upon

[York, et al. v. Leverett.]

the ground of fraud, it takes judicial notice that such a pecuniary consideration as $2 is merely nominal, when there is a transfer of so much value as in the conveyance under consideration. As was said in the case of *Kinnebrew's Distributees v. Kinnebrew's Adm'rs*, 35 Ala. 628, 637.: "It is to be observed that a deed may be founded on some consideration, and yet still come within the technical definition of a voluntary instrument. * * * It is a necessary inference from the authorities that, when a valuable consideration is necessary to support a deed, the bare recital of a nominal pecuniary consideration will not be regarded as evidencing such valuable consideration. This doctrine is not at war with the principle that the smallest actual consideration of benefit to the promisor is sufficien to support a promise."—*Goodlett v. Hansel*, 66 Ala. 151, 160. It thus appearing upon the face of the bill that complainant's debt was made prior to the execution of the deed attacked, and was a valid outstanding debt against the grantor at the time the conveyance was made, and that the grantee in that conveyance is a mere volunteer, the bill is sufficient in its averments, so far as the objections made to it by the demurrer are concerned, and the chancellor properly overruled the demurrer.—*Klein v. Miller*, 97 Ala. 506, 11 South. 830.

The decree overruling the demurrer is affirmed.

Affirmed.

TYSON,. C. J., and SIMPSON and MAYFIELD, JJ., concur.