# London v. G. L. Anderson Brass Works.

(Decided April 20, 1916.  Rehearing denied June 30, 1916.
72 South. 359.)

1. **Fraudulent Conveyances; Consideration; Contradiction.**—If the valuable consideration recited in a deed from a husband to his wife, is merely nominal, and for the self evident purpose of coloring a gift as a sale, such deed will be considered as voluntary as to the husband's creditors, and parol evidence of a substantial valuable consideration is not admissible to support it.

[London v. G. L. Anderson Brass Works.]

2. Same; Voluntary; Nominal.—A deed from a husband to his wife conveying land worth $10,000, but carrying an incumbrance of $5,000, upon a recited consideration of $100, and love and affection, is not a purely voluntary conveyance on its face.

3. Same; Antecedent Debt; Burden of Proof.—Where the conveyance was attacked as fraudulent, if the consideration paid by the grantee was an existing debt due him from the grantor, he must not only show the bona fide existence of the debt, but also that the value of the property was not more than the fair equivalent for the debt, and when this is done, the intention of the parties to hinder, delay or defraud the creditors of the grantor is immaterial, and will not defeat the conveyance.

4. Same; Burden of Proof.—Where complainant shows that his debt antedated the conveyance, the burden shifts to the grantee to show that he paid a valuable substantial consideration, and not merely a nominal one, whereupon, the burden rests upon complainant to show that the grantee had notice of an intent by the grantor to hinder, delay or defraud his creditors.

5. Same; Inadequacy of Consideration.—Where a conveyance by the husband to his wife was attacked as fraudulent, in an action in ejectment, and the only consideration actually stipulated for and paid, was a valuable consideration, its inadequacy was effective only to show, as an inference to be drawn by the jury or not, the fraudulent intent of the parties towards the creditors of the husband; it not appearing that the husband was insolvent, failing or embarrassed when he made the conveyanace.

6. Frauds; Statute of; Conveyance in Consideration of Marriage.—A parol agreement or promise in consideration of marriage is void under the statute of frauds; hence, the execution by the husband of such an agreement after marriage is without consideration to support it, and is purely voluntary as to pre-existing creditors of the husband.

7. Deeds; Voluntary.—A voluntary deed, in a court of law, is one which is given without any valuable consideration, as the term "consideration" is defined by law, which must be substantial as opposed to nominal merely.

8. Fraudulent Conveyance; Voluntary; Husband and Wife.—Where a divorced wife promised to re-marry her former husband in consideration of his conveyance of land to her, and also to give him $500 as a money inducement to the grant, the non legal character of the marriage promise as a consideration did not deprive the transaction of its standing in law as based on a valuable consideration.

9. Same; Jury Question.—Under the evidence in this case, it was a question of fact for the jury to determine whether the deed attacked as fraudulent was in fact based on the pecuniary consideration therein recited, and, if so, whether it existed as a present consideration, or merely as a past indebtedness for money received by the husband from the wife.

10. Same; Partial Invalidity; Rule in Equity.—When a conveyance is fraudulent, made upon a consideration which is valuable, but substantially inadequate, and the grantee is without notice of intent on the part of the grantor to defraud creditors, and the grantee intends no fraud, in equity the conveyance will stand as security for the value actually paid, it not being wholly void.

11. Same; Legal Rule.—In courts of law a conveyance fraudulent as to the grantor's creditors must stand or fall in its entirety.

12. **Same; Consideration; Notice or Participation in Intent.**—Where the grantee pays a valuable money consideration for the conveyance, though inadequate, the conveyance is not void as to the creditors of the grantor unless the grantee had notice of or participated in the fraudulent intent of the grantor to hinder, delay or defraud his creditors.

13. **Same; Intent.**—A grantor's intent to hinder, delay the collection of his debts is just as fraudulent as if made to defraud his creditors.

14. **Appeal and Error; Harmless Error; Instructions.**—Where the court's oral charge specifically embodied the substance of a requested written charge, the refusal of the written charge is harmless.

15. **Fraudulent Conveyance; Good Faith; Evidence.**—Where the action was ejectment, and the plaintiff claimed title by purchase under execution sale against a party deriving title from the judgment debtor through conveyance from the judgment debtor to his wife, the terms of the verbal, ante-nuptial agreement between the judgment debtor and his wife, in which the debtor orally agreed to convey land to his wife in consideration of her marrying him, was admissible to show good or bad faith in the transaction towards the creditors of the debtor.

16. **Same; Husband and Wife.**—The fact that the grantee in a conveyance by the debtor is the wife of the debtor, is not in itself a badge of fraud, but only a suspicious circumstance not altering the application of the general rules of law governing conveyances between unrelated persons, nor shifting the burden of proof which would otherwise prevail.

17. **Evidence; Parol to Vary Writing; Deeds; Consideration.**—Where the deed recited a money consideration of $100, it was proper to admit evidence to show payment of any greater amount of money or value than $100; the rule that the recital of cosideration cannot be varied by evidence of a consideration differing in kind, changing the legal effect of the instrument, being without application.

18. **Fraudulent Conveyance; Evidence.**—Where the action was ejectment by a purchaser under execution sale, and against a party deriving title from the judgment debtor through conveyance from the debtor to his wife, and the conveyance to the wife was attacked as fraudulent, the defendant may show that the wife had no knowledge of the debts of her husband, just as it was competent for plaintiff to show that she had such knowledge, such as by showing that her husband never informed her of his debts.

(Anderson, C. J., dissents.)

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Ejectment by John London against the G. L. Anderson Brass Works. Judgment for defendant and plaintiff appeals. Affirmed.

LONDON & FITTS, for appellant. ALLEN, FISK & TOWNSEND, for appellee.

SOMERVILLE, J.—The controlling issue in this case is whether plaintiff's title to land by purchase under an execution

[London v. G. L. Anderson Brass Works.]

sale against one G. L. Anderson, on April 3, 1911, shall prevail against defendant's title derived from said Anderson by conveyance from him to his wife, Lula Anderson, on October 22, 1910.

The debt upon which the execution sale was founded was due from Anderson to London & Fitts in April, 1910, and the general contentions of plaintiff are: (1) That the conveyance from Anderson to his wife was a voluntary convenance, and therefore void as to this debt, regardless of good faith; (2) that, though there was a valuable consideration therefor, the conveyance was nevertheless void unless defendant showed that the consideration was also reasonably adequate, which it failed to do as matter of law; (3) and that, in any case, the consideration recited as paid was so grossly inadequate that, as matter of law, the conveyance must be branded as fraudulent and void.

(1, 2) 1. The deed from Anderson to his wife recites a consideration of "one hundred dollars and love and affection to him in hand paid." The land conveyed was of the value of $10,000, or a little more, and then carried an incumbrance of $5,000. If the valuable consideration recited were merely nominal—as $1— and for the self-evident purpose of coloring a gift as a sale, the deed would be construed as a voluntary deed, as to creditors, and parol evidence of a substantial valuable consideration would not be admissible to support it.—*Houston v. Blackman*, 66 Ala. 559, 565, 41 Am. Rep. 756. But $100 cannot be regarded as nomnial, however inadequate it may be.

"In the application of the principle that voluntary conveyances are, as matter of law, conclusively presumed fraudulent and void as to existing creditors, the definition of a 'voluntary conveyance' must be steadily kept in view. It is a conveyance founded merely and exclusively on a good, as distinguished from a valuable, consideration, on motives of generosity and affection, rather than on a benefit received by the donor, or detriment, trouble, or prejudice to the donee. If the donor receives a benefit, or the donee suffers detriment, as the consideration of the conveyance, the consideration is valuable, not good merely. However inadequate such consideration may be—however trivial the benefit to the one, or the damage to the other—the conveyance is not voluntary. The inadequacy is a circumstance which, with other facts, may import an actual intent to hinder, delay, and defraud the creditors of the grantor, but it does not change the character of the conveyance—does not convert it into a voluntary

conveyance.—Bump on Fraud. Con. 262."—*Bibb v. Freeman*, 59 Ala. 612; *Pippin v. Tapia*, 148 Ala. 353, 42 South. 545.

See, also, *Pickett v. Pipkin*, 64 Ala. 520, 524; *Bradley v. Ragsdale*, 64 Ala. 558; *Early & Lane v. Owens*, 68 Ala. 171, 174.

It must be conceded that this court has sometimes treated executory trusts (*Kinnebrew v. Kinnebrew*, 35 Ala. 628, 637), and even conveyances of chattels (*Felder v. Harper*, 12 Ala. 612) and land (*Goodlett v. Hansell*, 66 Ala. 151, 160), as voluntary with respect to other adversely interested parties, even upon recited considerations of $5 or $10; and these cases have been later cited with approval in *York v. Leverett*, 159 Ala. 529, 531, 48 South. 684, 685, where it was said: "When a court of chancery is called upon to set aside a conveyance upon the ground of fraud, it takes judicial notice that such a pecuniary consideration as $2 is merely nominal when there is a transfer of so much value ($1,500) as in the conveyance under consideration."

So, also, in *Folmar v. Lehman-Durr Co.*, 147 Ala. 472, 477, 41 South. 750, it was said, without other comment, that a deed made for love and affection and $2 was voluntary on its face, and void as to existing creditors.

It appears from these cases that the technical definition of a "voluntary conveyance" in *Bibb v. Freeman*, 59 Ala. 612, has not been strictly applied in all cases, and that this court has taken judicial notice that the recital of any trifling sum (from $1 to $10) as a pecuniary consideration for the grant of property of large value does not necessarily show as to third persons that the conveyance is other than voluntary; especially where it is coupled with a recital of the consideration of love and affection, and the grantee is a near relative of the grantor.

Nevertheless, there must be a limit somewhere; and, without undertaking now to define such a limit, we are unwilling to say that the instant deed, reciting a consideration of $100 and love and affection," is upon its face a purely voluntary conveyance. It was therefore properly admitted in evidence.

(3, 4) 2. A laborious survey of the numerous decisions and opinions by this court on the burden, nature, and effect of proof with respect to the consideration paid by an alleged fraudulent grantee, where his conveyance is attacked by a pre-existing creditor, exhibits inconsistencies which cannot be reconciled. We think, however, that the following principles must be regarded as settled by the weight of the adjudications: (1) If the considera-

[London v. G. L. Anderson Brass Works.]

tion paid by the grantee was an existing debt due to him from the grantor, he must not only show its bona fide existence, but must also show that it was adequate; that is that the value of the property was no more than a fair equivalent for the amount of the debt. If this is shown, the intention of the parties to thereby hinder, delay, or defraud is wholly immaterial, and cannot defeat the conveyance.—*Crawford v. Kirksey*, 55 Ala. 282, 293, 28 Am. Rep. 704; *Moore v. Penn.*, 95 Ala. 200, 203, 10 South. 343; *Chipman v. Glennon*, 98 Ala. 263, 265, 13 South. 822; *Wood v. Riley*, 121 Ala. 100, 25 South. 723; and innumerable other cases. (2) But if the consideration paid is a new one, not resting on past indebtedness, a different rule prevails. When the complainant shows that his debt antedates the conveyance, the grantee must then show that he paid a valuable consideration—substantial and not merely nominal. Thereupon the complainant must show that the grantee had notice of an intent by the grantor to hinder, delay, or defraud his creditors.

In *Borland v. Mayo*, 8 Ala. 104, 117, the rule was stated as follows: "Inadequacy of consideration, where the vendor is greatly indebted, is recognized as a mark of fraud. * * * True, it might not be sufficient per se to authorize the sale to be annulled, unless the disparity between the true value of the property, and the price paid, or agreed to be paid, was so great as to strike the understanding at once with the conviction that such a sale never could have been made bona fide. But it may be a mark of fraud where the difference is not so great, and, when other circumstances are associated with it, they may be conclusive."

In *Bibb v. Freeman*, 59 Ala. 612, 616, it was said: "However inadequate such consideration may be—however trivial the benefit to the one, or the damage to the other—the conveyance is not voluntary. The inadequacy is a circumstance which, with other facts, may impart an actual intent to hinder, delay, and defraud the other creditors of the grantor; but it does not change the character of the conveyance, does not convert it into a voluntary conveyance. * * * The intent of the party making it determines its validity or the invalidity, whatever may be its form, or the consideration it recites."

In *Early & Lane v. Owens*, 68 Ala. 171, 174, it was said: "The adequacy of the consideration is not a matter of inquiry; that is material only as evidence of a fraudulent intent."

So, in *Gordon v. Tweedy,* 71 Ala. 203, 213, it was said: "Inadequacy of price is usually denominated a badge of fraud, and it is often asserted that no fixed rule can be declared, by which to determine what disparity between the real value of property and the consideration paid will vitiate a conveyance for fraud. We think it settled, however, that fraud may be inferred from the inadequacy of the price alone, where it is so great as to shock the conscience."

In *Little v. Sterne,* 125 Ala. 609, 615, 27 South. 972, 974, it was said: "If complainants were existing creditors, Mrs. Little, as a purchaser from the debtor of a valuable, though inadequate consideration, would be protected unless she had knowledge, actual or constructive, that he was insolvent or in failing circumstances, or unless she had knowledge of and participated in a scheme on his part to hinder, delay, and defraud his creditors."

It has been several times said that, "Where a valuable consideration has been paid for property," creditors cannot impeach the conveyance without showing knowledge or participation by the grantee in the grantor's fraudulent intent.—*Pippin v. Tapia,* 148 Ala. 353, 354, 359, 42 South. 545; *Simmons v. Shelton,* 112 Ala. 284, 21 South. 309, 57 Am. St. Rep. 39; *M.-M. Mfg. Co. v. Leith,* 162 Ala. 246, 258, 50 South. 210.

In *Tyson v. South C. C. Co.,* 181 Ala. 256, 262, 61 South. 278, 280, we said: "Notwithstanding complainant is an existing creditor, if Mrs. Tyson was a purchaser for value, though the consideration was inadequate, she would be protected, unless the consideration was so grossly inadequate as to constitute fraud in and of itself, or unless she had knowledge, actual or constructive, that the grantor was insolvent or in failing circumstances, or unless she had knowledge of and participated in a scheme on his part to hinder, delay, or defraud his creditors."

This view of the subject is supported by the ablest commentators: Freeman on Executions, § 40 (cited in note to *State v. Mason,* 34 Am. St. Rep. 395); 2 Pom. Eq. Jur. (3d Ed.) § 970. See, also, 32 L. R. A. p. 52, note, where many cases are collected.

It is certainly true that several of our decisions, in dealing with conveyances made upon new considerations, have stated as a general rule, without noting any limitation, that as against preexisting creditors the grantee must show a consideration both valuable and adequate.—*Harrell v. Mitchell,* 61 Ala. 270, 281;

*Moog v. Farley,* 79 Ala. 246, 252; *Ledbetter v. Davenport,* 154 Ala. 336, 339, 45 South. 467, 129 Am. St. Rep. 62.

But in practically all of the cases where the rule is stated in general terms, it clearly appears that the conveyance was in consideration of a past debt.—*Hubbard v. Allen,* 59 Ala. 283, 296; *Pollak v. Searcy,* 84 Ala. 259, 4 South. 137; *Wedgworth v. Wedgworth,* 84 Ala. 274, 4 South. 149; *Yeend v. Weeks,* 104 Ala. 331, 344, 16 South. 165, 53 Am. St. Rep. 50; *McTeers v. Perkins,* 106 Ala. 411, 17 South. 547. Or else it clearly appears that the fraudulent grantor was insolvent, failing, or financially embarrassed when he made the conveyance.—*Lehman v. Kelly,* 67 Ala. 192, 202; *Smith v. Collins,* 94 Ala. 394, 10 South. 334; *Martin v. Berry,* 116 Ala. 233, 22 South. 493; *Freeman v. Stewart,* 119 Ala. 158, 167, 24 South. 31; *Ober v. Phillips,* 145 Ala. 625, 40 South. 278; *Brunson v. Rosenheim,* 149 Ala. 112, 43 South. 31; *Leinkauf v. Morris,* 66 Ala. 406, 417; *Caldwell v. King,* 76 Ala. 149, 156; *Waddle v. Gt. So. Phosphate Co.,* 184 Ala. 346, 63 South. 462.

This last line of cases, especially *Martin v. Berry,* 116 Ala. 233, 22 South. 493, seems to establish the doctrine that proof of the complainant's debt, plus proof of the grantor's insolvency, etc., whether known to the grantee or not, imposes upon the grantee the burden of showing a consideration both valuable and adequate. But see, also, on this subject, *Smith v. Collins,* 94 Ala. 394, 403, 10 South. 334.

(5) On these authorities, therefore, if it appeared that the only consideration actually stipulated for and paid was a valuable consideration—whether of $100 or $500—we would be constrained to hold that its inadequacy is effective only to show, as an inference to be drawn or not drawn by the jury, that fraudulent intention of the parties to the conveyance; it not appearing that the grantor was insolvent, failing, or embarrassed, when he made it.

(6) But defendant's evidence tends to show that the actual consideration for this conveyance, as stipulated by a verbal antenuptial agreement, was $500 in money or merchandise, paid to the grantor by the grantee (his divorced wife), together with her verbal promise to remarry him, which was executed by her marriage to him before he executed the conveyance. A parol promise or agreement in consideration of marriage is void under the statute of frauds; and it is well settled that the husband's execution of such an agreement after marriage is without legal consid-

eration to support it, and is regarded as purely voluntary as to pre-existing creditors of the husband.—*Carter v. Worthington,* 82 Ala. 334, 2 South. 516, 60 Am. St. Rep. 738; 21 Cyc. 1255.

Plaintiff's contention is that, there being a twofold consideration for this conveyance, of which the major element—the agreement to marry—is nonlegal, the conveyance must be regarded as wholly voluntary, and therefore wholly void. The argument is plausible. Certainly, if property worth $5,000 is sold for $500 and marriage with the purchaser, it might be a fair assumption that the marriage was by the parties, valued, for this purpose, at $4,500; and hence the conclusion that, to the extent of $4,500, the conveyance was voluntary, and pro tanto intended as a gift; and hence, also, the further conclusion that, the gift element predominating over the money element, the transaction must be regarded as a "deed of gift" within the meaning of the statute (Code, § 4287) which pronounces such deeds void as to creditors.

(7, 8) Our examination of the many decisions on this subject in this and other jurisdictions does not discover any recognition of such a doctrine. In courts of law, a "voluntary deed" is one which is given without any valuable consideration, as that term is defined by law.—*Miller v. Thompson,* 3 Port. 196, 200; *Early & Lane v. Owens,* 68 Ala. 171, 174. True, it must be substantial as opposed to nominal merely, but the pecuniary consideration here involved is substantial, although it may be regarded as grossly inadequate. The fact that the agreement by the grantee to give the grantor $500 as a money inducement to the grant was incumbered by nuptial considerations of a nonlegal character cannot on principle deprive the transaction of its standing in law as one based upon a valuable consideration.

(9) Whether this pecuniary consideration in fact existed, and, if so, whether it existed as a present consideration, or merely as a past indebtedness for money received by the grantor from the grantee, were all questions of fact for the jury on the evidence.

(10) There is, it may be here noted, a well-established doctrine of equity courts that, when a conveyance is fraudulently made upon a consideration which is valuable but substantially inadequate, and the grantee is without notice of the grantor's intent and himself intends no fraud, the conveyance is not wholly void and will stand as security for the value actually paid.— *Hubard v. Allen,* 59 Ala. 302; *Gordon v. Tweedy,* 71 Ala. 202,

213; *Caldwell v. King*, 76 Ala. 149; *Ruse v. Bromberg*, 88 Ala. 619, 7 South. 384; *Waddle v. Gt. So. Phosphate Co.*, 184 Ala. 346, 63 South. 462; *Snyder v. Partridge*, 138 Ill. 173, 29 N. E. 851, 32 Am. St. Rep. 130, 138; *Withrow v. Marner*, 56 N. J. Eq. 795, 35 Atl. 1057, 40 Atl. 721, 67 Am. St. Rep. 501, citing *Muirheid v. Smith*, 35 N. J. Eq. 303, 312; *Clements v. Moore*, 6 Wall. 299, 18 L. Ed. 786; *Boyd v. Dunlap*, 1 Johns. Ch. (N. Y.) 478; *Short v. Tinsley*, 1 Metc. (Ky.) 397, 71 Am. Dec. 432; *Worthington v. Bullitt*, 6 Md. 198; note to *Hagerman v. Buchanan*, 14 Am. St. Rep. 739; note to *Rosenheimer v. Krenn* (Wis.) 5 L. R. A. (N. S.) 395.

(11) As these cases point out, in a court of law the impeached conveyance must stand or fall in its entirety; and, equities being equal, the prior legal title will prevail.

(12) In the instant case, it results, from the foregoing principles, that defendant's showing that a valuable, and not merely nominal, consideration was paid to the grantor by the grantee, carried to the jury the essential issue of notice to, or participation by the grantee in, the fraudulent intention of the grantor to hinder, delay, or defraud his existing creditors. The instructions, oral and written, given to the jury by the trial judge in the submission to them of this issue, were in harmony with the law as we have stated it. The instructions refused to plaintiff on this issue must for this reason be condemned.

(13, 14) Charge B, refused to plaintiff, asserts that the grantor's intent to hinder and delay the collection of the debt was equally as fraudulent as if made to defraud the creditor. The proposition is, of course, correct; but, as the trial judge specifically embodied it in his oral charge, the refusal of the written charge will not work a reversal.

It is necessary now to notice several of the minor questions presented by the record.

(15) (1) The issue being upon the fraudulent intent of the grantor, and notice thereof to the grantee, the circumstances and understanding of the parties become material to the inquiry. Therefore, although the terms of the verbal antenuptial agreement, in so far as they stipulated for marriage, cannot be shown as a consideration to support the conveyance, yet they are very clearly admissible to show either good or bad faith in the transaction. Specifically, the grantee's promise to marry the grantor might render natural and reasonable her acquisition of this valu-

able property for a small additional pecuniary consideration, while on the latter consideration alone she could scarcely escape the imputation of bad faith.

(16) (2) The fact that the grantee in such a conveyance is the grantor's wife is not in itself a badge of fraud, but is only a suspicious circumstances, of more or less weight according to the other facts of the case. Such a relationship does not of itself alter the application of the general rules of law that govern conveyances between unrelated persons, nor does it shift the burden of proof otherwise prevailing. What it may do is to color the transaction, and give peculiar significance to other facts. Practically, it may turn the scales of judgment against the conveyance upon evidence which would not otherwise satisfy such a conclusion.

We are aware, of course, that the views of this court on this question have not always been consistent, as a reading of the digests will readily show. But the rule above stated must now be regarded as firmly established.—*Malsey v. Connell & Co.*, 111 Ala. 221, 20 South. 445; *Wallen v. Montague*, 121 Ala. 287, 25 South. 773; *Teague v. Lindsey*, 106 Ala. 266, 17 South. 538; *Montgomery v. Kirksey*, 26 Ala. 172.

We have a line of cases which may confuse the casual reader if this limitation is not carefully observed.—*Kelly v. Connell*, 110 Ala. 543, 18 South. 9; *Wimberly v. M. F. Co.*, 132 Ala. 107, 31 South. 524; *Silvey v. Vernon*, 153 Ala. 570, 45 South. 68, 127 Am. St. Rep. 69. These cases hold that, when an insolvent or embarrassed husband procures a conveyance to be made to his wife, a presumption will be indulged against her which requires her to affirmatively show that the consideration was paid by her, and not with funds of the husband. This limitation was possibly overlooked in discussing the rule in *Waddle v. Phosphate Co.*, 184 Ala. 346, 349, 63 South. 462.

(17) (3) Inasmuch as the deed of conveyance recited a valuable consideration, not merely nominal in amount, it was proper to admit evidence showing the payment of any greater amount of money or value than $100. The rule is simply that the recital cannot be varied by evidence of a consideration different in kind, which would change the legal effect of the instrument.—*Houston v. Blackman*, 66 Ala. 559, 563, 41 Am. Rep. 756; *M. & M. Ry. Co. v. Wilkinson*, 72 Ala. 286; *Gordon v. Tweedy*, 71 Ala. 202; *Steed v. Hinson*, 76 Ala. 298; *Hubbard v. Allen*, 59 Ala. 293, 296, 297.

[London v. G. L. Anderson Brass Works.]

(18) (4) One of the questions at issue being the good faith of the grantee, it was competent for defendant to show that she had no knowledge of the grantor's debts, or any of them, just as it was competent for plaintiff to show that she had such knowledge. The fact that the grantor, her husband, never informed her of his indebtedness to London & Fitts, was clearly relevant to that inquiry.

We are constrained to the conclusion that the case was tried by the lower court without any error prejudicial to appellant, and in harmony with the law as above stated.

It is unnecessary to pass upon the trial court's ruling to the effect that a portion of the land in suit was so insufficiently described in the sheriff's levy and deed as to render plaintiff's deed invalid to that extent, since the jury found that the conveyance to Mrs. Anderson was not void for fraud, and the entire issue was thereby concluded. If there was error in that behalf, it was not prejudicial. The judgment will be affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

ON REHEARING.

Upon a consideration of the foregoing opinion and of the rulings shown, MCCLELLAN, MAYFIELD, GARDNER, and THOMAS, JJ., concur therein with the writer.

SAYRE, J., not sitting.

ANDERSON, C. J., dissents on one point, and thinks that the judgment should be reversed, as shown by his separate dissenting opinion.

It results that the application for a rehearing must be overruled.

ANDERSON, C. J.—I dissent from the opinion of the majority, upon the sole question of admitting in evidence the antenuptial contract for any purpose. The majority hold that it is a nullity and can form no part of the consideration of the conveyance, but that it was properly admitted, with the qualification that it could be considered in determining the intention of the parties thereto. To my mind, this was prejudicial error. If this agreement could form no part of the consideration for the conveyance, then it

[Jordan v. Western Union Telegraph Company.]

should have been excluded from the jury entirely; for, as long as it was in, the jury would only look to it for the purpose of augmenting the consideration of $500. In other words, the effect of the ruling of the majority is to hold that this agreement was a nullity, but you can nevertheless look to it in determining whether the consideration of $500, for property ten times as valuable, was so adequate as to make the transaction bona fide. That is, the transaction may have been fraudulent but for this void agreement, but as this agreement was made you may look to it for the purpose of determining that the transaction was not fraudulent. Courts have had experience with juries, and we know that the jury must have considered this agreement as being a part of the consideration for the conveyance notwithstanding the qualification placed upon same.