153 So. 423

**SCHWAB v. POWERS et al.**
**6 Div. 377.**

Supreme Court of Alabama.
March 8, 1934.

Taylor & Higgins, of Birmingham, for appellees.

Murphy, Hanna, Woodall & Lindbergh and Rossie Rogers, all of Birmingham, for appellant.

153 So. 409

**BOOKER T. WASHINGTON BURIAL INS. CO. v. ROBERTS et al.**

**6 Div. 525.**

Supreme Court of Alabama.

March 8, 1934.

BOULDIN, Justice.

A conveyance of lands from parent to child on a recited consideration of $1 in hand paid, the receipt whereof is acknowledged, and the further consideration of love and affection, is construed as a voluntary conveyance, supported by a *good*, rather than a *valuable*, consideration. It is, therefore, void on its face against existing creditors of the grantor. On a bill filed by an existing creditor of the grantor to set aside such conveyance and subject the lands to the payment of his debt, parol evidence is inadmissible to prove a valuable consideration, such as an indebtedness owing by the grantor to the grantee.

This has been the long-settled law in Alabama, and we are not now disposed to review or bring in question the grounds on which such rule is rested. Houston v. Blackman, 66 Ala. 559, 41 Am. Rep. 756; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359; Murphy, Trustee, etc., v. Branch Bank at Mobile, 16 Ala. 90; Felder v. Harper, 12 Ala. 612; Potter & Son v. Gracie, 58 Ala. 303, 29 Am. Rep. 748; York et al. v. Leverett, 159 Ala. 529, 48 So. 684; Folmar et al. v. Lehman-Durr Co., 147 Ala. 472, 41 So. 750; Gunn v. Hardy et al., 130 Ala. 642, 31 So. 443; Gilliland v. Hawkins, 216 Ala. 97, 112 So. 454; 27 C. J. page 528.

The status of an existing creditor is determined by the date the debt is incurred, not the date of maturity. We do not construe the trial court's opinion as opposed to this elementary rule. But, in considering the evidence offered over the objection of complainant touching an indebtedness due from grantor to grantee as the consideration for the deed, and in basing his decree on the fact that no actual fraud was proven, there was error to reverse. Code, § 6565.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.