34 So.2d 591

### SHAFFIELD et al. v. SHAFFIELD.
### 6 Div. 626.

Supreme Court of Alabama.

March 25, 1948.

Parsons, Wheeler & Rose, of Birmingham, for appellants.

Taylor & Jeffrey, of Birmingham, for appellee.

LIVINGSTON, Justice.

This appeal is from a decree overruling demurrer to a bill in equity.

The bill is in what is referred to as two aspects. In one aspect it is a bill to set aside and declare null and void, on account of fraud, a deed conveying certain described real estate, and to subject the lands conveyed to the payment of complainant's

judgment. In the other aspect, to discover alleged hidden or concealed assets of one of the respondents, and to subject said assets, when discovered, to the payment of complainant's judgment.

In substance, the bill alleges that Clara P. Shaffield, complainant in the court below, appellee here, is the former wife of the respondent Joseph Henry Shaffield, Jr., one of the appellants; that, on towit, February 22, 1946, appellee was granted a decree by the Circuit Court, in Equity, of Jefferson County, Alabama, divorcing her from appellant Joseph Henry Shaffield, Jr.; that said decree awarded to appellee the custody of the two minor children of the parties; that in, and as a part of said decree, she was awarded the sum of $20 per week as alimony for herself and $14 per week for the support and maintenance of said minors; that at the time of the filing of this suit, respondent Joseph Henry Shaffield, Jr., was in arrears in the payment of the sums so awarded in the amount of $786.15; that, on towit, March 17, 1947, appellant Joseph Henry Shaffield, Jr., conveyed, by warranty deed, to the appellant Mary John Shaffield, his present wife, certain described real estate for and in consideration of $1, and love and affection; that said conveyance was voluntarily made with intent to hinder, delay and defraud appellee by placing the title to his assets and property in said Mary John Shaffield, his wife, so that it could not be reached by execution issued on appellee's judgment. The said deed is attached to and made a part of the bill, and recites a consideration of $1, and love and affection.

The bill further alleges on information and belief, "that respondent Joseph Henry Shaffield, Jr., has property, means or assets, not accessible under legal process, or has interest in property, real or personal, or money or effects, or choses in action, which are not accessible under legal process, which are liable to the satisfaction of the amount due and to become due, under the decree in favor of the complainant and against respondent Joseph H. Shaffield, Jr., but the kind and description of said property and the manner in which it is held, is kept concealed and hidden out and is unknown to complainant, and that discovery is necessary to enable complainant to reach and subject the same to the satisfaction of said amount due and to become due under the decree, which amount is due to the complainant by respondent Joseph H. Shaffield, Jr.; that the facts sought to be discovered are material, their ascertainment indispensable to the satisfaction of the amounts due and to become due under said decree; that complainant has no further means of ascertaining the facts sought to be discovered in that those facts are peculiarly within the knowledge of the respondents.

The separate and several demurrers of appellants to that aspect of the bill seeking to set aside the conveyance of real estate from Joseph H. Shaffield, Jr., to his present wife, take the point that the allegation of fraud is a conclusion of the pleader and insufficient; that it is not alleged that the respondent Mary John Shaffield participated in said fraud, or that she had any knowledge, actual or constructive, of said fraud; that it is not alleged that appellant Joseph H. Shaffield, Jr., is insolvent, or that he has no other property out of which the judgment against him can be satisfied; that there is a misjoinder of parties.

This aspect of the bill contains equity, and none of the grounds of demurrer are well taken.

Appellee is, and was, at the time the deed was executed and delivered, an existing creditor. Our cases are to the effect that the execution and delivery of a deed by a husband to a wife, on a recited consideration of $1 and love and affection, is a voluntary conveyance, supported by a good, rather than a valuable, consideration. And is, therefore, void on its face against existing creditors of the grantor. On a bill filed by such a creditor to set aside such a conveyance, and subject the lands conveyed to the payment of his or her debt, parol evidence is not admissible to prove a valuable consideration. This has been the long settled law in this State. Houston v. Blackman, 66 Ala. 559, 41 Am.Rep. 756; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359; Murphy, Trustee, v. Branch Bank, 16 Ala. 90; Felder v. Harper, 12 Ala. 612; Potter & Son v. Gracie, 58 Ala. 303, 29 Am.Rep. 748; York et al. v. Leverett, 159 Ala. 529, 48 So. 684; Folmar v. Lehman-Durr Co., 147 Ala. 472, 41 So. 750; Gunn v.

384

Hardy et al., 130 Ala. 642, 31 So. 443; Gilliland v. Hawkins, 216 Ala. 97, 112 So. 454; Schwab v. Powers et al., 228 Ala. 205, 153 So. 423. No more need be said in answer to appellant's insistence that the demurrer should have been sustained to this aspect of the bill. It was properly overruled.

 As to the discovery aspect of the bill, appellants separately and severally interpose the following demurrer:

"1. For that said aspect is vague, indefinite and ambiguous.

"2. For that there is misjoinder of parties respondent.

"3. For that said bill does not set forth with sufficient certainty facts which would entitle the complainant to discover from the respondent, Mary John Shaffield.

"4. For that the averment in paragraph seven of said bill that 'the respondent, Joseph Henry Shaffield, Jr., has no visible property or means subject to legal process of sufficient value to pay the amount now due under the decree or the amounts to become due under said decree' is but a mere conclusion of the pleader.

"5. For that said bill calls for confidential communications between the respondents who are man and wife."

Manifestly, the discovery aspect of the bill is not subject to any ground of demurrer interposed. The allegations are sufficient upon which to predicate the right to a discovery. In Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107, 108, it was said:

"A creditor's bill for discovery which alleges as a fact the existence of property owned by the debtor, that it is concealed and hidden from the creditors, and that it can be discovered and subjected to the payment of the demands of creditors only by the aid of a court of equity alone, is sufficient in averment, in these particulars, to call into exercise the enlarged jurisdiction of a court of equity, conferred upon it by section 7343 of the Code of 1923 (now section 898, Title 7, Code of 1940), though it does not state the nature or location of the property. Pollak v. Billing, 131 Ala. 519, 32 So. 639; Elliott et al. v. Kyle, 176 Ala. 167, 57 So. 752." See, also, Hays v. McCarty, 239 Ala. 400, 195 So. 241.

It is argued that section 898, Title 7, Code, does not include a judgment creditor, unless or until an execution on said judgment has been returned "no property found". Such a construction is entirely too narrow. Moreover, under its general power, a court of equity may order a discovery on the allegations of the instant bill.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.