Defendants Odis and Bobbie Champion appeal the judgment of the Calhoun Circuit Court setting aside the conveyance from Odis to his wife, Bobbie, of his interest in certain real estate as being constructively fraudulent as against the plaintiff and judgment creditor, Cathy L. Locklear. We reverse.
On May 15, 1973, Bobbie Champion purchased a lot in an Anniston subdivision, taking title jointly with her husband for life, remainder to the survivor. Bobbie made a down payment of $10,025 (which she obtained from her mother), assumed the mortgage from the previous owner, and made the monthly mortgage payments from that date until the time of this suit. Her husband is afflicted with Parkinson's disease and has not worked full time since about 1971. Thus, Bobbie has supported both of them, paid her husband's substantial medical bills, and made several improvements and additions to the lot with the money she earns working for Anniston Federal Savings and Loan Association. On November 16, 1983, Odis conveyed his interest in the lot to Bobbie, for the stated consideration of $10. On January 15, 1985, Cathy Locklear obtained a $14,000 judgment against Odis for damage to her swimming pool that had resulted from work done under a contract with her in 1982 to do certain repairs. Locklear, who is now divorced, had been substituted as plaintiff in a suit filed by her husband in December 1982. She filed suit on October 15, 1985, to have the conveyance from Odis to Bobbie set aside. After hearing ore tenus testimony, the trial judge declared the conveyance void and held as follows:
 "1. That Plaintiff was a tort creditor within the meaning of the law prior to and at the time of the conveyance between Defendants made the subject of this action; and
 "2. That the conveyance between Defendants was made for less than valuable consideration; and
 "3. That at the time of the conveyance between Defendants, they were on notice of potential liability by Defendant, Odis Champion, to the owner of that certain real estate at 1822 Edwardian Way, Anniston, Alabama; and
 "4. That it is unnecessary for the Court to determine the issue of the actual intent of Defendants in light of the constructive fraud at law;
 "NOW, THEREFORE, premises considered, it is ORDERED, ADJUDGED AND DECREED:
 "That the conveyance from Defendant Odis Champion to Defendant Bobbie H. *Page 338 
Champion of his interest in that real estate described to-wit:
 " 'Lot 53, Camelot Subdivision, as shown in Plat Book P, at Page 30, in the Office of the Probate Judge of Calhoun County, Alabama,'
 "was a constructive fraud upon creditors and it is due to be and is hereby declared void.
"DONE THIS 5th day of May, 1986."
The three elements necessary before a conveyance will be declared fraudulent are: 1) a creditor to be defrauded; 2) a debtor intending to defraud; and 3) a conveyance of property out of which the creditor could have realized his claim or some portion thereof. Roddam v. Martin, 285 Ala. 619,235 So.2d 654 (1970). Without regard to actual intent, the law will find a constructive fraud when a grantor, indebted at the time, conveys property without receiving valuable consideration.Granberry v. Johnson, 491 So.2d 926 (Ala. 1986). Once constructive fraud is alleged in a family transaction, as it has been here, the grantee has the burden of proving the bona fide character of the underlying transaction. Reese v.Smoker, 475 So.2d 506 (Ala. 1985); Gurley v. BlueRents, Inc., 383 So.2d 531 (Ala. 1980).
This Court has set forth the grantee/spouse's requisite burden of proof in a case nearly identical to the present one.Southern Slag Products Co. v. Thomas, 413 So.2d 1073
(Ala. 1982), involved a husband-wife conveyance in which the stated consideration was also $10 and the husband, indebted to Southern Slag for $19,312.03, conveyed the property to his wife seven months prior to the company's obtaining a judgment against him in that amount. The wife testified that the reason title was held jointly with her husband was for them to avail themselves of a 100% VA loan and that she and her husband had intended to change it over to her name as soon as the VA requirements would permit. In finding that the grantee/wife met her burden, this Court stated:
 "In order to meet the requisite burden of proof, the grantee/spouse is not limited to showing that the consideration that actually passed was sufficient, but may also present evidence of circumstances, salaries, financial contributions from other sources and relevant matters tending to prove that the ownership which was transferred was supported by adequate consideration. The grantee/spouse may present evidence tending to show that the original interest owned by the husband was a mere convenience and that the grantee/spouse initially purchased the property with funds from her own separate estate."
413 So.2d at 1076.
The record in this case is replete with cancelled checks and receipts evidencing the extent of Bobbie Champion's financial contributions. Indeed, we can say, after reviewing the entire record, that Bobbie Champion "furnished all of the money at the time all of the real estate . . . was purchased, and furnished all of the money for the payments that were required to be made on the mortgage indebtedness concerning the same." SouthernSlag, supra, at 1077. Bobbie testified that both names were on the deed, as required by the mortgage company to enable her to assume the mortgage.
We are cognizant of the ore tenus rule of review and the fact that the trial court's decision will not be disturbed unless it is palpably wrong. Reese v. Smoker, supra, at 509;Gurley v. Blue Rents, supra, at 535. However, " '[w]here evidence before the trial court is undisputed, the ore tenus rule is inapplicable, and the Supreme Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court's application of the law to those facts.' Samford v. First Alabama Bank of Montgomery,N.A., 431 So.2d 146, 149 (Ala. 1983)." Barrett v.Odom, May De Buys, 453 So.2d 729, 732 (Ala. 1984). See, also, Ex parte Douthit, 480 So.2d 547, 551 (Ala. 1985). Moreover, as indicated by the trial court, its ruling was based solely on a conclusion of law, drawn from undisputed facts. The material issue here is that of adequate consideration, and the evidence is undisputed that Bobbie Champion *Page 339 
made the down payment, all mortgage payments, improvements, and additions.
Although we are reluctant to interfere with a trial court's decision following an ore tenus hearing, Southern Slag
clearly allows the proof that here establishes the valuable consideration from Bobbie Champion (i.e., consideration other than the $10) and, thus, the bona fide character of the conveyance. Applying the method of proof set out inSouthern Slag to the overwhelming evidence in this case, we hold that the trial court erred in setting aside the conveyance from Odis to Bobbie Champion.
We reverse the judgment of the trial court and remand the cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.