643 So.2d 595 (1994)
McPHERSON OIL COMPANY, INC., an Alabama corporation
v.
James W. MASSEY.
1930282.
Supreme Court of Alabama.
June 24, 1994.
Jesse P. Evans III and Thomas M. Lewis of Najjar Denaburg, P.C., Birmingham, for appellant.
B.J. McPherson, Oneonta, for appellee.
STEAGALL, Justice.
McPherson Oil Co., Inc., sued James W. Massey, also known as Mike Massey, seeking to have set aside what it alleged was a fraudulent conveyance to Mike Massey from his father, James C. Massey, also known as Sam Massey. McPherson Oil alleged that it had recovered a judgment against Sam Massey upon an outstanding debt, and that Sam Massey had subsequently transferred certain *596 property to his son to avoid paying that judgment. After a hearing, the trial court entered a judgment for Mike Massey; McPherson Oil appeals.
We are mindful that in an ore tenus nonjury proceeding the trial court acts as the trier of fact and that in such a proceeding its findings are accorded a presumption of correctness; Smith v. Mid South Fiberglass, Inc., 531 So.2d 649 (Ala.1988); here, however, the facts are largely undisputed. Sam Massey is the president of Upper Cliff Mining Company, and his son, Mike Massey, is the principal shareholder in a separate automobile parts business known as Massey & Sons. On October 20, 1988, Sam Massey executed an agreement with McPherson Oil for the purchase and delivery of certain goods from McPherson Oil to Upper Cliff Mining; the sale price was approximately $32,000. On behalf of Upper Cliff Mining, Sam Massey executed a promissory note in the amount of the purchase price to McPherson Oil. Sam Massey was individually liable for this debt, but did not thereafter make payments on the promissory note.
In February 1990, with knowledge of his debt to McPherson Oil and his own inability to pay it, Sam Massey conveyed his one-half interest in a certain parcel of real property located in Locust Fork, Alabama, to Mike Massey. According to the deed, the only consideration Mike Massey gave for this conveyance was "love and affection." At that time, or shortly thereafter, Sam Massey was completely insolvent.
In August 1991, McPherson Oil petitioned the Circuit Court of Blount County, Alabama, to reduce Sam Massey's $32,000 debt to a judgment. The circuit court entered a judgment of $36,641.15, plus $117 court costs, against Sam Massey and in favor of McPherson Oil. McPherson Oil then recorded the judgment with the Probate Court of Blount County and brought this action in the circuit court, seeking to set aside the property transfer from Sam Massey to Mike Massey and to seize the property in satisfaction of the circuit court judgment.
The only issue before us is whether, based on the foregoing, the trial court properly concluded that Sam Massey's conveyance to his son was non-fraudulent. Under Ala.Code 1975, § 8-9A-5(a), a transfer made by a debtor is fraudulent as to a creditor, regardless of whether the creditor's claim arose before or after the transfer was made, if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor. In determining actual intent under subsection (a), the trial court may consider a number of factors, such as whether the transfer was to an insider, whether the transfer was of substantially all of the debtor's assets, and whether the debtor was insolvent or became insolvent shortly after the transaction. Ala.Code 1975, § 8-9A-4. Where a conveyance is made to a family member in the face of a creditor's potential claim, the grantor's intent warrants especially careful scrutiny, Pennington v. Bigham, 512 So.2d 1344 (Ala.1987); without regard to the actual intent of the grantor, the law infers constructive fraud when it appears that an indebted grantor has conveyed property to a family member without receiving valuable consideration. Champion v. Locklear, 523 So.2d 336 (Ala.1988). When that inference of constructive fraud arises, the burden then shifts to the grantee to prove the existence of such consideration.
While owing a sizable debt to McPherson Oil, Sam Massey transferred the Locust Fork property, his largest asset, to his son, an insider, and was thereafter insolvent. The only consideration for this conveyance was "love and affection," and this Court has previously held that a conveyance given in return for "love and affection" is supported by "good," rather than "valuable" consideration, and is thus a voluntary conveyance and void against existing creditors. Roddam v. Martin, 285 Ala. 619, 235 So.2d 654 (1970); Schwab v. Powers, 228 Ala. 205, 153 So. 423 (1934). Mike Massey did state at trial that Upper Cliff Mining owed Massey and Sons $7200 for certain goods sold, and that he extinguished this debt in return for his father's conveyance to him; however, there was no invoice or other document to show that Sam Massey ever bought goods from Massey and Sons or otherwise incurred a $7200 debt to that business. Sam Massey deeded the property to his son as an individual, *597 not to Massey & Sons, and Mike Massey did not thereafter convey the property to his business. Mike Massey did not report the alleged debt to Massey & Sons as a loss on Massey & Sons corporate tax returns, nor did he later report the conveyance as income. There is thus no evidence, other than Mike Massey's testimony, to show that Sam Massey owed any debt to his son's business or that such a debt was extinguished as consideration for the conveyance.
The evidence overwhelmingly indicates that the conveyance from Sam Massey to his son was made without valuable consideration, and other indicia of a fraudulent transfer, within the meaning of § 8-9A-4, are readily apparent from the record; accordingly, we conclude that the trial court misapplied the law to these facts in determining that the conveyance was a legitimate one. We therefore reverse the trial court's judgment and remand the cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
Sam Massey was a shareholder of a corporation known as Upper Cliff Mining Company, Inc. His son Mike Massey owned all of the capital stock in a corporation known as Massey & Sons, Inc. On February 14, 1990, while Sam was indebted to McPherson Oil Company, Inc., he conveyed a one-half interest in the real property in question, which he owned individually, to his son Mike, with the consideration shown in the deed as "love and affection" only. There was no showing of any debt owed by Sam to Mike. The record contains evidence indicating that Upper Cliff Mining Company, Inc., owed money to Massey & Sons, Inc. I assume that the trial court found this to be the case; however, the record contains no evidence indicating why Sam, as a stockholder of Upper Cliff Mining Company, had any legal obligation to pay a debt of Upper Cliff Mining Company to Massey & Sons. Nor was there any evidence indicating that the conveyance of this ½ interest in the real property to Mike individually satisfied Upper Cliff Mining Company's debt to Massey & Sons. If there had been evidence of a debt owed by Sam to Mike, then, given the testimony presented, I would have affirmed the judgment of the trial court.