These consolidated appeals involve a divorce, the dissolution of a corporation, and the Alabama Fraudulent Transfer Act.
After approximately 17 years of marriage, Ann P. Varner filed a complaint for divorce in July 1990, against G. Keith Varner, alleging incompatibility. She alleged that the husband had excluded her from information concerning the operation and management of Varner Personnel, Inc., a corporation of which she was a 50% shareholder. Inter alia, she sought alimony, custody of the parties' minor child, child support, a property division, and an order allowing her to review the corporation's records and accounts.
The record reveals that a few days before the wife filed for divorce, the husband filed for dissolution of Varner Personnel. He alleged that the wife's mental and emotional condition had deteriorated after she was diagnosed with multiple sclerosis, and that she had interfered in the affairs of the corporation. The court granted his motion to consolidate the dissolution action and the divorce action.
The trial court's initial order granted the divorce on the grounds of incompatibility, awarded the wife custody of the minor child, child support, and alimony, prohibited the husband from selling his interest in Varner Personnel, granted the wife the right to inspect the corporation's books, and left the marital residence as joint property subject to the wife's sole possession. After considering the husband's post-judgment motion and the wife's motion for contempt, the trial court awarded custody of the parties' minor child to the husband, and found the husband in contempt for transferring his interest in the corporation, for failing to make an accounting of the corporation to the wife, and for failing to pay child support and alimony. After further proceedings, the trial court amended its order, and it awarded the complete interest in the marital residence to the wife, found an arrearage of child support and alimony, set aside the transfers which the husband made with Varner Personnel assets, awarded the wife 1% of the gross receipts of Varner Personnel, Varner Temps, Keith and Associates, and Career Search, corporations which the husband controlled or had involvement with, and awarded the wife an attorney's fee. After the trial court denied post-judgment motions, Career Search filed a motion pursuant to Rule 60(b)(4), A.R.Civ.P., which the trial court denied. The husband and Career Search appeal.
The husband argues that the trial court abused its discretion: (1) in its alimony award and property division; (2) in ordering him to pay the wife 1% of the gross income, earnings, or receipts of Varner Personnel, Varner Temps, Keith and Associates, and Career Search; (3) in determining that he fraudulently transferred assets of Varner Personnel and Varner Temps in the creation of Keith and Associates and Career Search; and (4) in finding him in contempt for willfully transferring the assets, for failing to pay child support and alimony, and for failing to provide corporate reports to the wife.
We note at the outset that when a trial court receives ore tenus evidence in a divorce proceeding, the resulting judgment is presumed correct, if it is supported by the evidence.Waid v. Waid, 540 So.2d 764 (Ala.Civ.App. 1989). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith,475 So.2d 575 (Ala.Civ.App. 1985).
The husband's first argument concerns the division of property and the alimony award. Issues regarding alimony and property division rest within the sound discretion of the trial court, and the trial court's judgment on those issues will not be disturbed on appeal except for a palpable abuse of that discretion. Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987). Those issues are interrelated, and in determining whether the trial court abused its discretion regarding either of those issues, the reviewing court must consider the entire judgment. Montgomery, supra. Furthermore, the division of property is not required to be equal, only equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court. Montgomery, supra; Ross v. Ross,447 So.2d 812 (Ala.Civ.App. 1984). The trial court considers *Page 276 
many factors in determining its awards, including the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and the type of property they own, and the conduct of the parties regarding the cause of the divorce. Tims v. Tims, 519 So.2d 558
(Ala.Civ.App. 1987); Sheffield v. Sheffield, 485 So.2d 1177
(Ala.Civ.App. 1986).
The husband argues that he is unable to pay the court-ordered obligations; however, our review of the record discloses no error in the trial court's determinations regarding the property division and the alimony award. The record reveals much conflicting evidence regarding the husband's financial condition, including his own testimony regarding approximately $12,500 he spent furnishing his apartment, and his other expenditures on recreational items.
The wife suffers from multiple sclerosis and has been confined to a wheelchair for 4 or 5 years. She testified that she is unable to work, and that she receives $474 monthly in social security disability benefits. She testified that she requires daily assistance and that she has employed a housekeeper for the last several years. The wife also testified regarding her investment of her separate funds into the marital residence. She testified that she was one of the founders of Varner Personnel, Inc., and that she specialized in the area of permanent placement until her illness forced her to stop working full time. Review of this voluminous record discloses no error in the trial court's determinations regarding alimony or property division.
The husband next contends that the trial court erred in awarding the wife 1% of the gross receipts of all the corporations in which he is involved. He argues, in part, that this award is not alimony in gross, a property settlement, or periodic alimony, and that it is, therefore, not allowed in a divorce action. The trial court's order specifies that this award is in the nature of a distribution of corporate assets due to the wife. It is unnecessary for this court to address the husband's issue characterizing this award as impermissible in a divorce proceeding.
The husband argues that the trial court erred in determining, pursuant to the Alabama Fraudulent Transfer Act, Ala. Code 1975, § 8-9A-1 et seq., that he fraudulently transferred certain corporate assets.
Two types of fraudulent transfers, actual and constructive, are within the scope of the Alabama Fraudulent Transfer Act, Ala. Code 1975, § 8-9A-1 et seq. See McPherson Oil Co. v.Massey, 643 So.2d 595 (Ala. 1994). An actual fraudulent transfer is one made by a debtor who transfers assets "with actual intent to hinder, delay, or defraud any creditor of the debtor." Ala. Code 1975, § 8-9A-4(a). The trial court considers several factors in determining whether the debtor possessed the requisite intent, including to whom the transfer was made, the amount of assets transferred, and the financial condition of the debtor before and after the transfer. Ala. Code 1975, §8-9A-4(b); McPherson Oil, supra. A constructive fraudulent transfer occurs when a debtor transfers assets to another without consideration, and the debtor was, or became, insolvent at the time of the transfer. Ala. Code 1975, § 8-9A-5(a);McPherson Oil, supra.
The record reveals that the husband transferred $20,000, the customer list, and the accounts receivable from Varner Personnel to Career Search, a corporation owned by his mother and his stepfather. Our Supreme Court has stated that a transfer made by a debtor "to a family member in the face of a creditor's potential claim, the grantor's intent warrants especially careful scrutiny." McPherson Oil at 596. The husband testified that the $20,000 was a repayment on a loan. Record evidence supports a conclusion that the husband's clear intent in these transactions was to avoid making his court-ordered obligations and to limit his potential liability to the wife in the divorce settlement. The husband has failed to reveal error in the trial court's determinations that he made an actual fraudulent transfer, or that the wife could obtain those assets to satisfy her awards in the divorce and dissolution actions.
The husband's final argument is that the trial court erred in finding him in contempt for transferring business assets without obtaining court approval, for failing to provide an accounting of the business to the wife, for *Page 277 
failing to pay child support, and for failing to pay alimony. After finding the husband in contempt, the trial court provided a method whereby he could purge himself of contempt by compliance.
When evidence is presented to a trial court in an ore tenus proceeding, the trial court's finding regarding contempt is presumed correct. Pierce v. Helka, 634 So.2d 1031
(Ala.Civ.App. 1994). Civil contempt is intended to coerce or compel compliance with orders of the court. State v. Thomas,550 So.2d 1067 (Ala. 1989). Furthermore, contempt cannot be found if failure to pay obligations is due to lack of means rather than contumacy. Davis v. Davis, 518 So.2d 156 (Ala.Civ.App. 1987). The husband admitted to non-compliance with the orders of the trial court. Although he presented some evidence of his inability to pay alimony, and evidence of credits towards the child support arrearage, the record also contains evidence that he has the ability to meet his obligations, and that he is merely unwilling to satisfy his court-ordered obligations. It is the duty of the trial court to resolve conflicting evidence, and its findings are conclusive if there is any evidence to support them. Watkins v. Montgomery Days Inn, 455 So.2d 23
(Ala.Civ.App. 1984); Suit v. Hudson Metals, Inc.,414 So.2d 115 (Ala.Civ.App. 1982). It is undisputed that the husband transferred assets of Varner Personnel, including cash and customer lists, to the newer corporations, despite the trial court's prohibition against such transfers. Our review of the record discloses no error in the trial court's finding that the husband was in contempt for various violations of the trial court's orders.
Career Search argues that the judgment obtained against it is void because the wife filed no complaint, and the trial court issued no summons, notice, or service of process. Since we have already determined that the transfers made by the husband to Career Search were fraudulent transfers pursuant to the Alabama Fraudulent Transfer Act, and that it is not error for the wife to receive a portion of the gross receipts of Career Search as a part of the dissolution of Varner Personnel, we pretermit discussion of this issue.
The wife's request for an attorney fee on appeal is granted in the amount of $1000.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.