THOMAS, Judge.
Green Tree Servicing, LLC (“Green Tree”), appeals from a judgment in favor of Charlene T. Matthews on its claim seeking recovery of a mobile home in which it has a security interest. We reverse and remand with instructions.
The record contains the following facts. In December 1997, Matthews entered into a retail installment contract and security agreement (“the loan contract”) with the predecessor to Green Tree in conjunction with her purchase of a mobile home. The loan contract provided that the total sales price of the mobile home, and the amount that Matthews would be responsible for paying, was $89,021. The loan contract further provided that the monthly payment would be $482.20, that Matthews would pay 180 payments, and that the amount financed would be paid off in December 2012; the loan contract evidenced a simple-interest loan with an interest rate of 11.25%, and it specified that late payments would increase the payoff amount of the loan. In addition, the loan contract provided that insurance on the mobile home could be purchased by Matthews or that, if she did not purchase insurance, Green Tree would purchase insurance on the mobile home and that Matthews would “repay [Green Tree] the cost of that insur- *74 anee, plus interest up to the contract rate of interest.”
In 2000, Matthews encountered financial difficulties, and she sought an extension of the loan contract. Under an extension agreement, specified payments are not collected on the due date and are instead required to be paid at the conclusion of the loan contract. In November 2000, Green Tree and Matthews entered into an extension agreement whereby two payments of $482.20, each covered by the extension agreement, were added to the end of the loan period, extending the payoff date to February 2013. Green Tree extended Matthews’s loan period again in September 2001; this second extension was for three monthly payments, which extended the payoff of the loan to May 2013. In conjunction with the September 2001 extension, Green Tree and Matthews entered into an agreement to modify the interest rate on the loan contract from 11.25% to 8.84% for the remainder of the loan period.
In July 2002, Green Tree and Matthews entered into a year-long forbearance agreement, under which Matthews was required to pay a reduced portion of the monthly payments due between September 2002 and July 2003. The forbearance agreement also extended the June and July 2002 payments, which extended the payoff date of the loan to August 2013. Under the forbearance agreement, the portion of each regular monthly payment Matthews did not make under that agreement, which over the 12-month period totaled $2,325, would be added as a lump sum to the payoff amount at the conclusion of the loan period.
Kevin Kelley, Green Tree’s representative at trial, testified that, according to the payment history of the account, Matthews had paid a total of $78,473.19 in payments due under the loan contract. Kelley explained that Matthews had made numerous late payments over the life of the loan contract and that Green Tree had worked with her to extend payments, to forbear payments, and to reduce the interest rate of the loan contract.[1] He testified that Matthews had made her last payment on December 13, 2012, which was the original payoff date of the loan contract, before the extensions in 2000, 2001, and 2002. According to Kelley, Matthews had also made a $2,225 down payment at the time the loan contract was executed, increasing the amount of money Matthews had paid to Green Tree to $80,698.19, which was still less than the total due under the loan contract of $89,021. In addition, because of the late payments, the extensions, and the forbearance agreement, Kelley testified, the total amount due and owing under the loan contract as of September 2013 was $21,435.45, of which $14,076.46 was principal.
Matthews testified that “I shouldn’t have been owing Green Tree no more money.” She testified that she had compared records of the payments she had wired to Green Tree between 2007 and December 2012 and a statement she had received from Green Tree containing her balance information and that she had concluded, based upon her own calculations, that she had paid Green Tree a sufficient amount to extinguish her debt. Matthews did not place any records outlining her alleged $27,000 or $30,000 in payments into *75 evidence.[2] During her testimony, Matthews also complained about the amount she was charged for insurance payments, and she stated that she did not understand “exactly what all has been charged to [her] account by Green Tree other than interest and late charges and [the] actual principle [sic] that [she] owed.” She stated that, in her opinion, Green Tree had charged “[j]ust a lot of excessory [sic] amount of money that didn’t go to pay off my mortgage.”
On cross-examination, counsel for Green Tree asked Matthews if she had any way to dispute the amount that Green Tree had determined she had paid on the loan contract from December 1997 to December 2012. Matthews replied that she did not have the payment history that Green Tree had placed into evidence at trial. When asked again if she had a basis for disputing the total number and amount of payments she had made under the loan contract, Matthews stated: “I feel I made all of my payments.” As noted above, Matthews did not introduce any documentary evidence of the payments she had made under the loan contract.
The trial court entered the following judgment on November 19, 2013:
“The Court held a hearing on [Green Tree’s] claim for ejectment.[3] ... A review of the evidence shows that [Matthews] entered into a [loan] contract with [Green Tree] for the financing of her mobile home. Since that date [sic], [Matthews] has paid the principle [sic] amount plus thousands in interest. There have been several times throughout the history of the loan [contract] that [Matthews] and [Green Tree] entered into agreements whereby various payments were delayed or reduced. It is [Matthews’s] contention and testimony that she has paid the loan [contract] in full and any and all interest and late fees. It is [Green Tree’s] contention that there is interest, late fees and other fees still due, although [it] admit[s] [it] ha[s] received the principle [sic] balance and thousands in interest. [Green Tree] bears the burden of proof. Based upon the testimony in this case, the Court is of the opinion that [Green Tree] has not met [its] burden of proof regarding ejectment. The issue of whether [Matthews] owes a deficiency balance was not submitted to the Court. However, it is the Court’s decision that [Matthews] be allowed to remain in her home.”
Green Tree timely filed its notice of appeal to this court on December 19, 2013.
On appeal, Green Tree argues that the trial court erred by allowing Matthews’s testimony to the effect that she “believed,” “thought,” or “felt” that she had paid the entire amount due under the loan contract to suffice as evidence that she had, in fact, paid off the loan. Green Tree points out that Matthews never dis *76 puted that it has a valid security interest in the mobile home or even that she had defaulted on the loan contract. Specifically, Green Tree argues that the trial court’s finding that Matthews had paid the principal balance and thousands in interest was not supported by substantial, credible evidence.
Although the trial court heard testimony and we must therefore review its judgment under the ore tenus standard, see McPherson Oil Co. v. Massey, 643 So.2d 595, 596 (Ala.1994), the ore tenus standard does not insulate a trial court’s factual findings where the record lacks credible, substantial evidence to support those findings. Young v. Weaver, 883 So.2d 234, 236 (Ala.Civ.App.2003) (“Because the trial court took evidence ore tenus, its judgment is given a presumption of correctness and may not be reversed unless it is shown to be unsupported by substantial evidence and plainly and palpably wrong.”). Matthews’s testimony was simply that, in her opinion, which was informed, she said, by documentation that she did not present at trial, she did not owe any money to Green Tree. She provided no evidence of the amount of money that she had paid over the life of the loan contract, and she failed to cast doubt on the testimony of Kelley, who, based on exhibits admitted into evidence documenting Matthews’s payment history, testified that Matthews had not paid the amount she owed under the loan contract. Although a trial court may evaluate the credibility of the witnesses before it, see Regions Bank v. Loturey, 101 So.3d 210, 218 (Ala.2012), it is not permitted to allow a conclusory statement devoid of evidentiary support to outweigh the other testimonial evidence at trial, which, in the present case, was supported by extensive documentation. See Massey, 643 So.2d at 596-97 (reversing the judgment of a trial court determining that a transfer of real property was not fraudulent where the only evidence indicating that the property was transferred to extinguish a debt was the transferee’s testimony and no documentary or other evidence established the existence of the debt). Furthermore, the record lacks any evidence to support the trial court’s conclusion that Matthews had paid the principal amount of the loan and thousands of dollars in interest such that any obligation she might have had to Green Tree under the loan contract was extinguished.
Green Tree presented evidence establishing that Matthews had not paid the amount due under the loan contract. Matthews’s conclusory testimony was to the effect that she did not believe that she owed any money to Green Tree and that she had, in her opinion, paid enough to satisfy her debt. The trial court erred in determining that Green Tree had failed to meet its burden of proof, and its judgment in favor of Matthews is reversed. The cause is remanded to the trial court for the entry of a judgment in favor of Green Tree.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, MOORE, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. Kelley specifically testified that 72 of Matthews's payments were paid over 30 days, but less than 60 days, late; that 7 of her payments were paid over 60 days, but less than 90 days, late; and that 14 of her payments were paid over 90 days late. He also commented that the payoff of the loan contract increased when Matthews’s payments were made late because interest is compounded on the late payments and late fees are charged, increasing the amount due under the loan contract.

. The record contains some confusing testimony concerning the $27,000 or $30,000 in payments that Matthews testified she had made. Matthews testified that she had paid $27,000 in payments between 2007 and December 2012. Later in the testimony, her attorney mentioned payments between 2000 and 2012 and mentioned $30,000 as the amount of those payments. Because Matthews presented no documentary evidence to prove what amount she paid Green Tree at any point during the life of the loan contract, we cannot be certain what amount Matthews contended she paid and when.

. We note that Green Tree's claim against Matthews was not a claim seeking ejectment. "[Ejectment is a favored action for the trial of title to land.” Lee v. Jefferson, 435 So.2d 1240, 1242 (Ala.1983). Green Tree was not seeking to establish title to real property. Instead, it sought possession of personal property in which it had a security interest, i.e., Matthews's mobile home.