[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12686
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-01258-PGB-TFM

WHEELER BROS., INC.,

Plaintiff - Appellee,

versus

VIRGINIA JONES,
ROBERT L. JONES, III,
PIRATES TOW, LLC,
LAVENIA A. JONES,
ROBERT L. JONES, SR.,
BEST BUY AUTOMOTIVE & TIRES, LLC,
KYLE BREECE JONES,
A&B DEVELOPMENTS, LLC,

Defendants - Appellants,

ROBERT JONES, JR.,
ADVANCED FLEET SERVICES, L.L.C., et al.,

Defendants.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(May 24, 2018)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Wheeler Bros., Inc. designs, manufactures, and distributes motor vehicle parts across the country. In 1989, Wheeler and the United States Postal Service agreed that the USPS would purchase the parts necessary to service its national postal fleet from Wheeler. Over time, the USPS fell behind in the maintenance of its fleet. Robert Jones, Jr., who owned a company called Advanced Fleet Services, offered to fill the gap. Mr. Jones, Jr. and Wheeler agreed that AFS would perform overflow maintenance for the USPS and Wheeler would sell it the parts necessary to repair the postal vehicles. AFS breached its agreement with Wheeler and fell behind on its contractual payment obligations. After Mr. Jones, Jr. filed for bankruptcy in April of 2012, Wheeler sought to have the debt declared non-dischargeable, alleging that Mr. Jones. Jr. had fraudulently transferred AFS' funds to a variety of relatives and business entities that the relatives owned. The bankruptcy court agreed.

2

In December of 2014, Wheeler filed suit against Mr. Jones, Jr., those family members, and the entities they owned that were involved in the fraudulent transfers.  Trial proceeded against all defendants but one, Jonathan Caton Jones, who had declared bankruptcy.  All claims against him were subject to an automatic stay.[1]

After a one-day bench trial, the district court found the Joneses liable for several fraudulent transfers under the Alabama Uniform Fraudulent Transfer Act, Ala. Code §§ 8-9A-1 through 8-9A-12 ("AFTA"), and issued a final judgment accordingly.  The Joneses appeal that ruling, as well as sanctions orders against them issued by the magistrate judge for misconduct in discovery.  Because the magistrate judge's sanctions orders were never objected to before the district court, we determined that we lacked jurisdiction to review them and *sua sponte* dismissed that portion of the appeal.  *See* 11th Cir. Dkt. No. 50.  We now review only the fourth issue on appeal: "whether the trial court's final judgment should be set aside for lack of evidence to support the court's findings of fact and conclusions of law."

# I

"After a bench trial, we review the district court's conclusions of law *de novo* and the district court's factual findings for clear error."  *Tartell v. S. Fla. Sinus and Allergy Ctr., Inc.*, 790 F.3d 1253, 1257 (11th Cir. 2015) (quoting

---

[1] Because the appellants, who were the defendants in the district court, include several family members and the various entities they own, we refer to them collectively as the Joneses.

*Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1230 (11th Cir. 2009)).  "A factual finding is clearly erroneous 'if, after viewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed.'"  *Id*. (quoting *HGI Assocs., Inc. v. Wetmore Printing Co.*, 427 F.3d 867, 873 (11th Cir. 2005)).

As an initial matter, the Joneses' argument on this point—amounting to two pages and devoid of legal authority to support their contentions—is lacking.  *See Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").  Their reply brief contains specific detail about some areas where they contend the evidence is insufficient, but "[p]resenting an argument in the appellant's reply does not somehow resurrect it."  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 972 (11th Cir. 2008) (alteration adopted)).

Nevertheless, even if adequately briefed, the argument lacks merit.  Wheeler brought claims for both actual fraudulent transfers under Ala. Code §§ 8-9A-4(a) & (4)(b), and constructive fraudulent transfers under Ala. Code §§ 8-9A-4(c) & 8-9A-5.  Under Alabama law,

> [a]n actual fraudulent transfer is one made by a debtor who transfers assets 'with actual intent to hinder, delay, or defraud any creditor of

4

the debtor.' Ala. Code 1975, § 8-9A-4(a). The trial court considers several factors in determining whether the debtor possessed the requisite intent, including to whom the transfer was made, the amount of assets transferred, and the financial condition of the debtor before and after the transfer. Ala. Code 1975, § 8-9A-4(b). A constructive fraudulent transfer occurs when a debtor transfers assets to another without consideration, and the debtor was, or became, insolvent at the time of the transfer. Ala. Code 1975, § 8-9A-5(a).

*Aliant Bank v. Davis*, 198 So. 3d 508, 512 (Ala. Civ. App. 2015) (additional citations omitted). *See generally* Actual and Constructive Fraud, Tilley's Alabama Equity § 11:4 (5th ed. 2017) (explaining elements of actual and constructive fraud under the AFTA). The district court correctly set forth the required elements of each claim in its thorough order. *See* D.E. 176 at 8–9.

Contrary to the Joneses' assertions, the record—particularly the testimony of Wheeler's accounting expert, Tara Gearhart—amply supports the district court's conclusion that the transfers at issue were either actually or constructively fraudulent. The district court found "that Ms. Gearhart [was] a credible and knowledgeable witness and that her findings and conclusions [were] supported by the evidence." *Id*. at 35. Moreover, it adopted her "findings and conclusions as its own, including those findings and conclusions not specifically stated in th[e] Memorandum of Decision." *Id*. [2]

---

[2] We note that the Joneses argue that "[a]s a result of the [s]anctions [o]rder, [they] did not present any evidence of any consideration or reasons for any transfers." Appellants' Br. at 29. We have already decided that the Joneses' failure to properly object to the magistrate judge's sanctions orders prevents them from raising those issues here. *See* 11th Cir. Dkt. No. 50. In any event, the sanctions orders did not prevent them from cross-examining Wheeler's witnesses.

With respect to actual fraud, Ms. Gearhart reviewed financial data and concluded that the transfers at issue "were made with the actual intent to defraud Wheeler and other creditors." *Id.* at 34. She supported this opinion with a variety of factors which mirror the so-called "badges of fraud" provided in the AFTA, Ala. Code § 8-9A-4(b), including: (1) that no defendant gave anything of value in exchange for any of the transfers; (2) the transfers were made to insiders; (3) Mr. Jones, Jr. or AFS retained possession of or control over much of the money that was transferred; (4) the "true nature" of the transfers was concealed ("such as by destroying evidence," etc.); and (5) Mr. Jones, Jr. and AFS were insolvent when they made the transfers. *See* D.E. 176 at 34. Given the presence of these and other "badges of fraud," the district court's determination that certain transfers were actually fraudulent within the meaning of the AFTA is well supported by the evidence and the law. *See Holsombeck v. USAmeriBank*, — So. 3d —, 2018 WL 1354747, *5 (Ala. Civ. App. Mar. 16, 2018) ("[S]ubstantial evidence supports the circuit court's determination that the divorce settlement agreement had been crafted to transfer the husband's interest in the marital assets to the wife with an actual intent to hinder, delay, or defraud the bank based upon the court's consideration of the factors provided by § 8-9A-4(b).").

---

That was their choice, and their complete failure to rebut any of Wheeler's evidence cannot be ascribed to the magistrate judge's order.

As the district court recognized, Ms. Gearhart's testimony on the factors discussed above—particularly the findings that transfers were made without receiving anything of value in exchange and that they were made when Mr. Jones, Jr. and AFS were or would become insolvent—also supports its conclusions with respect to the constructively fraudulent transfers under Ala. Code § 8-9A-4(c) and Ala. Code § 8-9A–5.    Like the district court's conclusions on actual fraud, its conclusions that other transfers were constructively fraudulent is similarly well supported by the evidence at trial and the law.  *See, e.g., McPherson Oil Co., Inc. v. Massey*, 643 So. 2d 595, 596 (Ala. 1994) ("[W]ithout regard to the actual intent of the grantor, the law infers constructive fraud when it appears that an indebted grantor has conveyed property to a family member without receiving valuable consideration.").

## II

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**